IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 26-cv-02439-NRN

EDWIN ABEL MORENO LOPEZ,

      Petitioner,

v.

TODD BLANCHE, U.S. Attorney General,
MARKWAYNE MULLIN, U.S. Secretary of Homeland Security ("DHS"),
DAVID J. VENTURELLA,[1] Acting Director U.S. Immigration and Customs Enforcement,
ROBERT GUADIAN, Acting Denver Field Office Director,
JUAN BALTAZAR, Warden of Denver Contract Detention Facility,
IN THEIR OFFICIAL CAPACITIES,

      Respondents.

---

**ORDER**

---

**N. REID NEUREITER**
**United States Magistrate Judge**

      This case is before the Court on Edwin Abel Moreno Lopez's ("Petitioner") Petition for Writ of Habeas Corpus (the "Petition"). ECF No. 1. Petitioner is a detainee at the Denver Contract Detention Facility in Aurora, Colorado. *Id.* ¶ 1. He contends that the Respondents are improperly subjecting him to mandatory detention under 8 U.S.C. § 1225(b)(2). Instead, he says, 8 U.S.C. § 1226(a) governs his detention. Because this is a fundamentally legal debate, there is no need for a hearing on the Petition. *See* 28 U.S.C. § 2243. For the reasons that follow, the Court **GRANTS** the Petition as follows.

---

[1] Pursuant to Fed. R. Civ. P. 25(d), David J. Venturella is substituted for Todd Lyons.

## BACKGROUND

This case is one of numerous cases in this District and across the country seeking habeas relief for immigrants detained within the United States and denied bond hearings under a new interpretation of 8 U.S.C. §§ 1225, 1226. *E.g.*, *Rivera v. Valdez*, No. 26-cv-01765-NRN, 2026 WL 1224072 (D. Colo. May 5, 2026); *Martinez v. Baltazar,* No. 26-cv-01313-NRN, 2026 WL 925537 (D. Colo. Apr. 6, 2026); *Olivas v. Baltazar*, No. 26-cv-00777-NRN, 2026 WL 672897 (D. Colo. Mar. 10, 2026), *Vasquez Gomez v. Bondi*, No. 26-cv-00489-NRN, 2026 WL 482677 (D. Colo. Feb. 20, 2026); *Diaz Marquez v. Baltasar*, No. 26-cv-00293-CYC, 2026 WL 370864 (D. Colo. Feb. 10, 2026); *Abarca v. Baltazar*, No. 25-cv-04086-CYC, 2026 WL 309198 (D. Colo. Feb. 5, 2026); *Hernandez-Redondo v. Bondi*, No. 25-cv-03993-2 PAB, 2026 WL 290989 (D. Colo. Feb. 4, 2026); *Jimenez Facio v. Baltazar*, No. 25-cv-03592-CYC, 2025 WL 3559128 (D. Colo. Dec. 12, 2025); *Garcia Cortes v. Noem*, No. 25-cv-02677-CNS, 2025 WL 2652880 (D. Colo. Sept. 16, 2025); *Batz Barreno v. Baltasar*, No. 25-cv-03017-GPG-TPO, 2025 WL 3190936 (D. Colo. Nov. 14, 2025); *Loa Caballero v. Baltazar*, No. 25-cv-03120-NYW, 2025 WL 2977650 (D. Colo. Oct. 22, 2025).

Petitioner is a Guatemalan citizen who entered the United States in 2021. ECF No. 1 ¶ 26. Respondents did not issue a charging document against Plaintiff until five years later, when he was issued his first Notice to Appear, which marked the beginning of his removal proceedings. *Id.* ¶ 26. He has been detained without bond for over two months. *Id.* ¶ 1.

Petitioner argues that his detention violates his due process rights and the Immigration and Nationality Act ("INA"). He asks that he either be released from custody or granted a bond hearing within three days. *Id.* at 16.

Respondents maintain that Petitioner is subject to mandatory detention under § 1225(b). Respondents' statutory interpretation has been rejected by this Court as well as almost every other judge in this District. *See Vasquez Gomez*, 2026 WL 482677, at *2; *Jimenez Facio*, 2025 WL 3559128, at *2 (recognizing that "every decision in this District addressing the issue" has determined that § 1225(b)(2)(A) does not apply to persons, like Petitioner, who have already been residing in the United States for years). Indeed, Respondents concede

> that until the Tenth Circuit rules on this issue, this Court's prior ruling on this issue would lead the Court to reach the same result here if the Court adheres to that decision, as the facts of this case are not materially distinguishable from that case for purposes of the Court's decision on the legal issue of whether Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(2).

ECF No. 9 at 4.

## ANALYSIS

A district court may grant a writ of habeas corpus to any person who demonstrates he is "in custody in violation of the Constitution or laws . . . of the United States." 28 U.S.C. § 2241. This includes "[c]hallenges to immigration detention." *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004). The individual in custody bears the burden of proving that their detention is unlawful. *Walker v. Johnston*, 312 U.S. 275, 286 (1941). To meet that burden, Petitioner argues, in part, that 8 U.S.C. § 1226(a) applies to him; "that aliens detained under § 1226(a) receive bond hearings at the outset of detention," *Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018) (citing 8

C.F.R. §§ 236.1(d)(1), 1236.1(d)(1)); *see* 8 U.S.C. § 1226(a) (providing for discretionary detention); *see also* 8 C.F.R. § 1003.19 (providing framework for requesting a bond determination); and that he has received no such hearing.

As this Court and others in this District have repeatedly found in similar cases, Petitioner has met his burden showing that his continued detention without a bond hearing is unlawful. *See Diaz Marquez*, 2026 WL 370864, at *1 ("The Court remains firmly convinced that it and the other judges in the District who have addressed this issue have correctly decided those cases."). Accordingly, the Court finds that Petitioner has a statutory right to a bond hearing that has not been provided, in violation of Petitioner's Fifth Amendment substantive due process rights, *see Jimenez Facio*, 2025 WL 3559128, at *3 ("Resolution of the due-process question may be unnecessary[,] . . . [b]ut to the extent it is, 'the Court agrees with other courts that have, against substantially similar factual backgrounds, concluded that detention without a bond hearing amounts to a due process violation.'") (quoting *Garcia Cortes v. Noem*, No. 25-cv-02677-CNS, 2025 WL 2652880, at *4 (D. Colo. Sept. 16, 2025)); and the INA, *see Abanil v. Baltazar*, No. 25-cv-4029-WJM-STV, 2026 WL 100587, at *6 (D. Colo. Jan. 14, 2026) ("The Court joins its colleagues in this District and those courts across the country that have concluded Respondents' interpretation of § 1225(b)(2)(A) is contrary to the INA's plain text. As a consequence, the Court also concludes that Garcia Abanil's detention pursuant to § 1225(b)(2)(A) violates the INA, and that he is instead properly considered to be detained under § 1226(a).").

In support of their position, Respondents reference the Fifth Circuit's decision in *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. Feb. 6, 2026), and the Eighth

Circuit's decision in *Avila v. Bondi*, 170 F.4th 1128 (8th Cir. Mar. 25, 2026). Respondents accurately note that the Court has repeatedly rejected any reliance on these courts' interpretation of the statute. *See, e.g.*, *Solis-Gutierrez v. Mullin*, No. 26-cv-01287-NRN, 2026 WL 925535, at *2 (D. Colo. Apr. 6, 2026). The Court also acknowledges that in recent decision, Chief Judge Daniel D. Domenico found that the petitioner was subject to mandatory detention under § 1225(b)(2)(A). *See Singh v. Blanche*, No. 26-cv-00421-DDD-KAS, ECF No. 12 (D. Colo. Apr. 15, 2026). However, the Court finds that Respondents have "present[ed] no argument for why these non-binding decisions require the Court to reverse itself on this legal question." *Gregorio Martinez Torres v. Bondi*, No. 26-cv-01062-CYC, 2026 WL 860425, at *1 (D. Colo. Mar. 30, 2026). Moreover, the Court notes that the Second and Sixth Circuits have forcefully rejected Respondents' position. *See Barbosa da Cunha v. Freden*, 175 F.4th 61 (2d Cir. Apr. 28, 2026); *Lopez-Campos v. Raycraft*, 175 F.4th 713 (6th Cir. May 11, 2026). Given that "over ninety percent of district court judges have sided with Petitioner," *Barbosa da Cunha*, 175 F.4th at 71, the Court finds no reason to reverse itself here.

### CONCLUSION

For the foregoing reasons, it is hereby **ORDERED** that the Petition, ECF No. 1, is **GRANTED** as follows.

1) Respondents shall provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) within seven days of this Order. At the bond hearing, Respondents bear the burden of proving by clear and convincing evidence that Petitioner's continued detention is justified due to dangerousness or flight risk. *See Abanil,* 2026 WL 100587, at *8 ("[T]the weight of authority in this District is clear: it is the

Government's burden to 'justify[ ] a noncitizen's continued detention at a bond hearing.'" (quoting *Arauz v. Baltazar*, No. 25-cv-03260-CNS, 2025 WL 3041840, at *4 n.3 (D. Colo. Oct. 31, 2025)); *Espinoza Ruiz v. Baltazar*, No. 25-cv-03642-CNS, 2025 WL 3294762, at *2 (D. Colo. Nov. 26, 2025) (ordering that the Government would carry the burden for bond hearing under § 1226(a)); *Loa Caballero*, 2025 WL 2977650, at *9 ("During such [bond] hearing, the Respondents bear the burden of justifying detention."). **If Respondents do not provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) as required herein, Petitioner must be immediately released from detention**;

2) Respondents are **ENJOINED** from denying bond to Petitioner on the basis that he is detained pursuant to 8 U.S.C. § 1225(b)(2)(A); and

3) Respondents shall file a status report within three days of Petitioner's bond hearing, stating whether he has been granted bond, and, if his request for bond was denied, the reasons for that denial.

Dated: June 9, 2026

BY THE COURT:

N. Reid Neureiter
United States Magistrate Judge

6